UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:22-CR-20-KAC-JEM |
| SHELTON M. MCCRAINEY, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's *Pro Se* Motion to Dismiss [Doc. 145], filed on June 30, 2022, and Defendant's *Pro Se* Motion to Remove Counsel Due to a Breakdown in Trust [Doc. 165], filed on July 18, 2022. The parties appeared before the Court for a motion hearing on July 27, 2022. Assistant United States Brent N. Jones represented the Government. Attorney Donny M. Young appeared on behalf of Defendant, who was also present. CJA Panel Attorney Russell Greene was present as well.

In the *Pro Se* Motion to Remove Counsel Due to a Breakdown in Trust [Doc. 165], Defendant requests the Court remove Attorney Young as his counsel of record and substitute new counsel to represent him. Defendant asserts that there has been a breakdown in trust and communication between Attorney Young and himself and that the attorney-client relationship is beyond repair. He does not feel he is currently receiving constitutionally effective assistance of counsel in this matter. At the hearing, the Government stated no position as to Defendant's *pro se* motions.

The Court then conducted a sealed, *ex parte* hearing to learn the nature and extent of the problems with the attorney-client relationship. Attorney Young and Defendant provided additional

information related to the motion, and the Court questioned Defendant regarding his request for new counsel and about his relationship and communications with his attorney.

Without divulging those confidential communications, the Court finds no basis exists to relieve Attorney Young of his representation of Defendant McCrainey. To the extent there is any rift in the attorney-client relationship, the Court finds it is not so great that it has an effect on counsel's and Defendant's ability to proceed through the remainder of this case. Further, given the Defendant's failure to demonstrate good cause for the substitution of counsel, and the procedural posture of this case, the Court finds that the public's interest in the efficient administration of justice outweighs Defendant's interest in new counsel. Accordingly, the Court finds good cause to substitute counsel does not exist. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). Defendant's *Pro Se* Motion to Remove Counsel Due to a Breakdown in Trust [**Doc. 165**] will therefore be **DENIED**.

As to the *Pro Se* Motion to Dismiss [Doc. 145], Defendant asks the Court to dismiss this case because the Government failed to provide the full discovery within fourteen days, which he alleges is a violation of Federal Rule of Criminal Procedure 16.1 and of his right to due process of law. As an initial matter, Local Rule 83.4(c) prohibits a party from filing motions on his own behalf while represented by counsel and Defendant's motion deadline in this case has expired [*See* Doc. 102 (setting deadline for pretrial motions of June 24, 2022)]. Even so, on July 1, 2022, the Court directed Attorney Young to review Defendant's *pro se* motion, confer with him about it, and file either a motion to withdraw the *pro se* motion or a motion for leave to file a pretrial motion after the deadline on or before July 29, 2022 [Doc. 147]. Based on representations made during the sealed portion of the July 27 hearing, it appears Attorney Young has not yet been able to meet with

2

Case 3:22-cr-00020-KAC-JEM   Document 173   Filed 07/27/22   Page 2 of 3   PageID #: 542

Defendant to discuss the *pro se* motion to dismiss, but that has not been due to any lack of effort or due diligence by Attorney Young. In any event, at the end of the hearing, the Government indicated it would be providing additional discovery to Attorney Young in the coming days. Once Attorney Young has had an opportunity to review the additional discovery, he is directed to confer with Defendant and determine whether it would be appropriate to seek leave to file a pretrial motion after the deadline. Defendant's *Pro Se* Motion to Dismiss [**Doc. 145**] will therefore be **DENIED**.

Accordingly, the Court **DENIES** Defendant's *Pro Se* Motion to Dismiss [**Doc. 145**] and *Pro Se* Motion to Remove Counsel Due to a Breakdown in Trust [**Doc. 165**].

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge